**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NINA KOLASKI, | ) |
|         Plaintiff, | ) |
| | )   No. |
|     v. | ) |
| UNTITLED III, LLC, an Illinois limited liability corporation, | ) |
|         Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Nina Kolaski, by and through her attorneys, the Law Offices of Eugene K. Hollander, and for her Complaint At Law, states as follows:

### JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) – 2, the Pregnancy Discrimination Act, 42 U.S.C. §2000 (e)(k), and pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

    a. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

    b. The jurisdiction of this court is invoked to secure protection of and to address the deprivation of rights secured by 42 U.S.C. §2000(e) – 2, 42 U.S.C. §2000 (e)(k), providing for declaratory, injunctive and other relief against employment discrimination based upon sex and physical handicap.

    c. Venue in this district is proper under 28 U.S.C. §1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. Plaintiff, Nina Kolaski, hereinafter, ("KOLASKI") filed a charge of discrimination, No. 440-2016-05311 against Defendant, Untitled III, LLC, ("UNTITLED") on August 2, 2006, with the Equal Employment Opportunity Commission, hereinafter, ("EEOC") a copy of which is attached hereto as **Exhibit 1.**

    b. The EEOC issued KOLASKI a notice of right to sue for said charge on January 28, 2016, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4. KOLASKI is a citizen of the United States and the State of Illinois and resides in Glenview, Illinois, Cook County.

5. KOLASKI was a member of a protected class, female, when the unlawful employment practices occurred. KOLASKI was also substantially limited in one or more major life activities, including, reproducing and bearing children.

6. UNTITLED is an Illinois limited partnership engaged in the business of restaurant and food services.

7. UNTITLED is qualified and is doing business in the State of Illinois.

8. UNTITLED is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

9. KOLASKI was hired by Defendant in or about April, 2012 as the Private Dining Manager and was most recently employed as the Director of Sales, located at 111 W. Kinzie, Chicago, Cook County, Illinois.

10. At all times pertinent hereto, Plaintiff performed to the legitimate expectations of the company.

11. On January 6, 2016, KOLASKI informed UNTITLED that she was undergoing in-vitro fertility treatment, ("IVF").

12. On January 7, 2016, UNTITLED summarily terminated KOLASKI's employment.

## COUNT I – Title VII - PREGNANCY DISCRIMINATION ACT

13. Plaintiff re-incorporates and re-alleges Paragraphs one through twelve as though set forth more fully herein.

14. Plaintiff is a member of a protected class in that she was a female that was trying to become pregnant.

15. During the course of Plaintiff's employment, KOKASKI performed according to the legitimate expectations of UNTITLED.

16. Plaintiff was discharged from her employment on January 7, 2016.

17. Similarly situated persons, not in the protected class did not suffer an adverse job action.

18. By terminating the Plaintiff's employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class and similarly situated members who are not of a protected class, Defendant has intentionally and with reckless indifference and disregard, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act, 42 U.S.C. §2000 (e)(k).

19. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

20. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NINA KOLASKI, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act 42 U.S.C. §2000 (e)(k);

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of a pregnancy related condition;

4. Immediately assign Plaintiff to that job she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant on the basis of her pregnancy related condition, or, if this is impossible, award Plaintiff front-end pay;

4

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of the Defendant on the basis of her pregnancy related condition;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff punitive damages for Defendant's willful conduct; and

8. Grant such other relief as may be just and proper.

### COUNT II – DISABILITY DISCRIMINATION

21. KOLASKI reincorporates and realleges paragraphs one through twelve as though more fully set forth herein.

22. KOLASKI was and is a member of a protected class in that she was substantially limited in a major life activity, the ability to reproduce and bear children.

23. Throughout her employment, KOLASKI performed her job duties to the Defendant's legitimate expectations.

24. On or about January 7, 2016, Defendant terminated KOLASKI's employment.

25. Defendant, in violation of the provisions of 42 U.S.C. Sec. 12101 *et. seq.*, has denied and continue to deny KOLASKI an equal opportunity for employment, because of disability.

26. When she was terminated, KOLASKI was subjected to disability discrimination in that there was a double standard set up between disabled employees and non-disabled employees not included within the protected class. Plaintiff's non-disabled counterparts were not subjected to the discriminatory treatment that Plaintiff was subjected to.

27. Disability was a determining factor in Plaintiff's discriminatory treatment and termination. But for Plaintiff's disability, she would not have been terminated. Defendant knew that the discriminatory termination of Plaintiff because of her disability was in violation of the ADA.

28. The unlawful employment practices alleged herein were committed within the State of Illinois.

29. In terminating KOLASKI, Defendant wrongfully discriminated against her because of her disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

30. In terminating KOLASKI, Defendant maliciously and/or recklessly violated the ADA.

31. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's, policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

32. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

33. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NINA KOLASKI, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT III -
## COUNT III - AMERICANS WITH DISABILITIES ACT: RECORD OF IMPAIRMENT

34. The Plaintiff reincorporates and realleges Paragraphs one through twelve as though fully set forth herein.

35. The Plaintiff has a history of a physical impairment, the ability to reproduce and bear children, as defined by the ADA, 42 U.S.C. §12101, 12102 *et. seq*.

36. The Plaintiff is a qualified individual with a disability.

37. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 et seq.

38. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

39. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NINA KOLASKI, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT IV: AMERICANS WITH DISABILITIES ACT REGARDED AS HAVING AN IMPAIRMENT

41. The Plaintiff reincorporates and realleges Paragraphs one through twelve of this Complaint at Law as though fully set forth herein.

42. Plaintiff suffers from a physical handicap in that she has an impairment in the ability to reproduce and bear children.

43. Plaintiff was regarded as having a disability by Defendant.

44. By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

45. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

46. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, NINA KOLASKI, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

Respectfully Submitted,

s/Eugene K. Hollander
One of Plaintiff's Attorneys

Eugene K. Hollander
ehollander@ekhlaw.com
Paul W. Ryan
pryan@ekhlaw.com
Jonathan L. Hoeven
jhoeven@ekhlaw.com
**The Law Offices of Eugene K. Hollander**
230 W. Monroe
Suite 1900
Chicago, IL 60602
(312) 425-9100